THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER ASKING FOR AN OFFICIAL OPINION ADDRESSING THE FOLLOWING QUESTION:
 WHETHER A STATE LICENSED MECHANICAL CONTRACTOR OR JOURNEYMAN MUST ALSO HOLD A STATE ELECTRICAL CONTRACTOR OR JOURNEYMAN LICENSE WHEN INSTALLING LOW-VOLTAGE CONTROL WIRING WHICH RUNS FROM THE HEATING AND/OR AIR CONDITIONING UNIT(S) TO THE THERMOSTAT OR TO THE CONTROL INSTRUMENTATION FOR THE HEATING AND/OR AIR CONDITIONING SYSTEMS.
THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR REQUEST. BECAUSE YOUR QUESTION INVOLVES DETERMINATION OF FACTS BEYOND THE SCOPE OF A FORMAL OPINION, YOUR QUESTION WILL BE ADDRESSED THROUGH THIS LETTER. CONSEQUENTLY, THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER RESEARCH OF THE QUESTION YOU HAVE RAISED.
YOUR QUESTION, WHETHER THE INSTALLATION OF "CONTROL WIRING" REQUIRES A STATE ELECTRICAL CONTRACTOR OR JOURNEYMAN LICENSE IN ADDITION TO A STATE MECHANICAL CONTRACTOR OR JOURNEYMAN LICENSE, MAKES AN ASSUMPTION THAT A MECHANICAL LICENSE HAS BEEN 'OBTAINED AND ASKS WHETHER A STATE ELECTRICAL LICENSE IS ALSO NECESSARY. IN OTHER WORDS, YOU ASK WHETHER THE MECHANICAL LICENSE IS ENOUGH TO INSTALL "CONTROL WIRING".
THE MECHANICAL LICENSING ACT PROHIBITS PERFORMING "MECHANICAL WORK" WITHOUT A MECHANICAL LICENSE. SPECIFICALLY, THE ACT PROVIDES AS FOLLOWS:
 AFTER JANUARY 1, 1988, NO PERSON, ON BEHALF OF HIMSELF OR OF A MECHANICAL FIRM, SHALL ENGAGE OR OFFER TO ENGAGE IN, BY ADVERTISEMENT OR OTHERWISE, ANY MECHANICAL WORK AS A JOURNEYMAN OR CONTRACTOR WHO DOES NOT POSSESS A VALID AND APPROPRIATE LICENSE FROM THE DEPARTMENT. 59 O.S. 1850.7 (1991). THE TERM "MECHANICAL WORK" IS DEFINED AS:
 ". . . THE INSTALLATION, MAINTENANCE, REPAIR, OR RENOVATION, IN WHOLE OR IN PART, OF ANY HEATING SYSTEM, COOLING SYSTEM, . . . OR ANY EQUIPMENT OR MATERIAL INCLUDING PROCESS PIPING USED IN THE INSTALLATION, MAINTENANCE, REPAIR, OR RENOVATION OF SUCH SYSTEMS;" 59 O.S. 1850.2(11)
PURSUANT TO SECTION 59 O.S. 1850.2(11), THE WORK YOU HAVE DESCRIBED, INSTALLING LOW-VOLTAGE WIRING WHICH RUNS FROM THE HEATING AND/OR AIR UNITS TO THE CONTROL INSTRUMENTATIONS WOULD BE "MECHANICAL WORK". THIS WIRING WOULD BE CONSIDERED TO BE PART OF THE SYSTEMS CONTEMPLATED BY THE ACT. AS A RESULT, SUCH INSTALLATION WOULD BE AUTHORIZED TO BE ACCOMPLISHED AFTER OBTAINING A LICENSE PURSUANT TO THE MECHANICAL LICENSING ACT.
HOWEVER, YOU ASKED WHETHER A STATE ELECTRICAL LICENSE IS NEEDED AS WELL. THE ELECTRICAL LICENSE ACT PROHIBITS PERFORMING THE WORK OF A JOURNEYMAN ELECTRICIAN WITHOUT BEING LICENSED AS A JOURNEYMAN ELECTRICIAN OR ELECTRICAL CONTRACTOR. 59 O.S. 1690(A). THE ACT ALSO PROHIBITS ACTING AS AN ELECTRICAL CONTRACTOR OR ENGAGING IN THE BUSINESS OF AN ELECTRICAL CONTRACTOR WITHOUT BEING LICENSED AS AN ELECTRICAL CONTRACTOR. 59 O.S. 1690(B). THE WORK OF BOTH THE "JOURNEYMAN ELECTRICIAN" AND THE "ELECTRICAL CONTRACTOR" PERTAIN TO INSTALLATION OF "ELECTRICAL FACILITIES" 59 O.S. 1682(5)
THE TERM "ELECTRICAL FACILITIES" IS DEFINED AS FOLLOWS:
 ". . . ALL WIRING, FIXTURES, APPURTENANCES, AND APPLIANCES FOR, AND IN CONNECTION WITH A SUPPLY OF ELECTRICITY WITHIN OR ADJACENT TO ANY BUILDING, STRUCTURE OR CONVEYANCE ON THE PREMISES BUT NOT INCLUDING THE CONNECTION WITH A POWER SUPPLY METER OR OTHER POWER SOURCE;" 59 O.S. 1682(7). DETERMINING WHETHER OR NOT "CONTROL WIRING" IS ENCOMPASSED BY THIS DEFINITION NECESSARILY INVOLVES FACTUAL DETERMINATIONS OUTSIDE THE SCOPE OF THIS OPINION. 74 O.S. 18B(A)(5) (1993). HOWEVER, IT IS POSSIBLE THAT THE INSTALLATION OF CONTROL WIRING IS AUTHORIZED ALSO BY THE ELECTRICAL LICENSE ACT.
THE CARDINAL RULE OF STATUTORY CONSTRUCTION IS TO GIVE EFFECT TO LEGISLATIVE INTENT AS EXPRESSED IN THE STATUTORY LANGUAGE. TRW/REDA PUMP V. BREWINGTON, 829 P.2D 15 (OKL.1992). BOTH THE MECHANICAL LICENSING ACT AND THE ELECTRICAL LICENSE ACT PROHIBIT CERTAIN TYPES OF WIRING INSTALLATION WITHOUT THE LICENSE SPECIFIED IN EACH RESPECTIVE ACT. IF THE INSTALLATION OF CONTROL WIRING DOES LIE WITHIN THE JURISDICTION OF THE ELECTRICAL LICENSE ACT AS WELL AS THAT OF THE MECHANICAL LICENSING ACT, THE LEGISLATURE MUST HAVE INTENDED FOR EITHER ACT TO AUTHORIZE SUCH ACTIVITY.
THERE IS NO STATUTORY LANGUAGE TO INDICATE THAT THE LEGISLATURE INTENDED THAT ONE ACT WOULD CONTROL OVER THE OTHER ACT OR THAT THERE IS EVEN A CONFLICT BETWEEN THE TWO ACTS. WHEN TWO ACTS CAN BE CONSTRUED TO GIVE EFFECT TO BOTH WITHOUT DOING VIOLENCE TO EITHER, THIS CONSTRUCTION SHOULD BE ADOPTED IN PREFERENCE TO ONE WHICH LEADS TO A CONCLUSION THAT THERE IS A CONFLICT. AMF TUBESCOPE CO. V. HATCHEL, 547 P.2D 374 (OKL.1976).
BOTH THE MECHANICAL LICENSING ACT AND THE ELECTRICAL LICENSE ACT CAN BE CONSTRUED TO GIVE EFFECT TO BOTH WITHOUT DOING VIOLENCE TO EITHER. THAT HARMONIOUS CONSTRUCTION FINDS THAT THE LEGISLATURE INTENDED THAT A LICENSE UNDER EITHER ACT WOULD AUTHORIZE THE INSTALLATION WORK IN ISSUE.
IT IS THEREFORE THE OPINION OF THE UNDERSIGNED ATTORNEY THAT IF THE WORK YOU DESCRIBE, THE INSTALLATION OF "CONTROL WIRING", IS COVERED BY BOTH THE MECHANICAL LICENSING ACT AND THE ELECTRICAL LICENSE ACT, THEN EITHER LICENSE WILL AUTHORIZE THE PERFORMANCE OF THIS TYPE OF WORK. I HOPE THAT THIS ANALYSIS IS HELPFUL. PLEASE CONTACT ME IF I CAN BE OF FURTHER ASSISTANCE.
(BRITA HAUGLAND CANTRELL)